# EXHIBIT B

# Summons And Complaint

 

## IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

David G Faulk
_____
Plaintiff(s),

vs.

Golfsouth International, Inc, et al
_____
Defendant(s).

CASE NO. 3AN-10-6827 C.I

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: Trans Union Settlement Solutions, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Charles G. Evans, whose address is: 123 E. 11th Avenue, Anchorage AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Heagn
    and Master _____.

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

4/19/2010
Date

By: A. Camera
Deputy Clerk

4/19/2010
I certify that on _____ a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff  [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

DAVID G. FAULK,

        Plaintiff,

vs.

GOLFSMITH INTERNATIONAL, INC., MEDICREDIT, INC. d.b.a. MEDICREDIT FINANCIAL SERVICES, INC. a.k.a. MEDICREDIT CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION SETTLEMENT SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC.,

        Defendants.

Case No. 3AN-10-_____ Civil

## COMPLAINT

COMES NOW Plaintiff, David G. Faulk, by counsel, Law Offices of Charles G. Evans, and for his complaint against Defendants, states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for nominal, actual, statutory and/or punitive damages, for declaratory relief, for an injunction against continued violation, and for costs and attorney's fees, brought pursuant, in part, to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. This Court has jurisdiction pursuant to A.S. 22.10.020 and A.S. 09.05.015 and to 15 U.S.C. § 1681(p).

LAW OFFICES OF
CHARLES G. EVANS
23 E 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

## COMMON ALLEGATIONS

3. David G. Faulk is a natural person and resident of the State of Alaska. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Golfsmith International, Inc. ("Golfsmith") is a Delaware corporation doing business in the State of Alaska by regularly selling and distributing goods in the State of Alaska.

5. MediCredit, Inc. d.b.a. MediCredit Financial Services, Inc. a.k.a. MediCredit Corporation ("MediCredit") is a Missouri corporation doing business in the State of Alaska and is subject to jurisdiction pursuant to A.S. 09.05.015.

6. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of California authorized to do business in the State of Alaska through its registered offices at 9360 Glacier Hwy, Suite 202, Juneau, AK 99801.

7. Trans Union Settlement Solutions, Inc. ("Trans Union") is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Alaska through its registered offices at 9360 Glacier Hwy, Suite 202, Juneau, AK 99801.

8. Equifax Information Services, LLC., ("Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Alaska through its registered offices at 9360 Glacier Hwy, Suite 202, Juneau, AK 99801.

9. Experian, Trans Union, and Equifax are "Consumer reporting agencies," as defined in 15 U.S.C. § 1681(f). Experian, Trans Union, and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning

LAW OFFICES OF
CHARLES G EVANS
23 E. 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

10. Experian, Trans Union, and Equifax disburse consumer reports to third parties under contract for monetary compensation.

11. On or about January 27, 2007, David G. Faulk ordered from Golfsmith and paid through his American Express credit card $649.99 for X-183PW Pro Series Iron, invoice number 23961253, with a sales order number of 121121498.

12. On or after January 27, 2007, David G. Faulk, at the instruction of Golfsmith, due to an error in ordering, in Anchorage, Alaska refused the attempted delivery of the X-183PW Pro Series Iron, returning them to Golfsmith.

13. Golfsmith never credited David G. Faulk with the returned shipment and owes David G. Faulk $649.99, with respect to invoice number 23961253 and a sales order number of 121121498.

14. Subsequently, on or after March 16, 2009, David G. Faulk ordered from Golfsmith and paid through his American Express credit card $499.99 for a FT-1 Driver Graf Neutral, invoice number 24422917, sales order number 121121498. David G. Faulk returned the FT-1 Driver Graf Neutral to Golfsmith for credit.

15. Golfsmith, upon receipt of the FT-1 Driver Graf Neutral, on or about June 4, 2007, by credit memo 25481495 credited the American Express card of David G. Faulk in the amount of $449.99 by mistake or misadventure as American Express had already credited the card of David G. Faulk for the $499.99 purchase price of the FT-1 Driver Graf Neutral. Golfsmith has previously and now claims David G. Faulk owes Golfsmith the sum

LAW OFFICES OF
CHARLES G. EVANS
423 E 11th Avenue
Anchorage, Alaska 99501
(907) 276-4691

of $499.99, when in truth and fact Golfsmith owes David G. Faulk the net amount of $200.00.

16. David G. Faulk has repeatedly disputed the true and accurate status of his account with Golfsmith. Golfsmith refused to correct its account and has reported to others, including Defendants, MediCredit, Experian, Trans Union, and Equifax, false and inaccurate information which has been included by Defendants, MediCredit, Experian, Trans Union, and Equifax, in the consumer reports for David G. Faulk.

17. Defendants, Golfsmith and MediCredit, are persons furnishing information regarding a consumer to a consumer reporting agency and violated 15 U.S.C. § 1681s-2 by knowingly, and or consciously avoiding knowing, that the information furnished to Experian, Trans-Union, and Equifax was inaccurate.

18. David G. Faulk directly notified each of the Defendants, Experian, Trans Union, and Equifax, of the disputed account information providing proof of its inaccuracy demanding deletion of the negative information from his consumer reports and each of the defendants violated their duties under the Federal Fair Reporting Credit Act by, among other things, failing to acknowledge the dispute, failing to timely respond to the dispute, failing to timely reinvestigate the claim, failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained regarding David G. Faulk, failing to include in all further credit reports notice of the disputed nature of the account, and/or by violation of 15 U.S.C. § 1681i(b) by informing David G. Faulk any dispute statement must be less than 100 words when no assistance was offered to David G Faulk in preparing the dispute statement.

LAW OFFICES OF
ARLEN G EVANS
1231 E 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

19. Defendants, Golfsmith and MediCredit are rated unsatisfactory by the Better Business Bureau and, for this and other reasons, Golfsmith and MediCredit are known or should be known to be an unreliable sources of financial credit information which Defendants, Experian, Trans Union, and Equifax, could not rely upon to verify after reinvestigation the claim of Golfsmith that David G. Faulk owed $499.99.

## COUNT I
## FIRST CLAIM FOR RELIEF AGAINST GOLFSMITH
## FOR BREACH OF CONTRACT

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. Golfsmith owes David G. Faulk $649.99 with respect to invoice number 23961253 and sales number 12112498 and after deduction, payment, and credit for Golfsmith's claim of $449.99, Golfsmith still owes David G. Faulk the sum of $200.00.

22. The refusal of Golfsmith to correct its accounts constitutes a breach of contract. Golfsmith owes David G. Faulk the principal sum of $200.00, with interest, from and after January 28, 2007.

## SECOND CLAIM FOR RELIEF AGAINST GOLFSMITH
## FOR VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT

23. The Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Golfsmith failed to correct its accounts and to furnish true and accurate information to others, including Defendants, MediCredit, Experian, Trans Union, and Equifax, in violation of 15 U.S.C. § 1681s-2(a).

AW OFFICES OF
ARLES G EVANS
12) E 11th Avenue
chorage, Alaska 99501
(907) 278-4691

25. As a result of the conduct, action and inaction of Golfsmith, David G. Faulk suffered damage by the potential loss of credit, the loss of credit, the loss of the ability to purchase and benefit from credit, and the mental and emotional pain and anguish and the humiliation and embarrassment of explaining erroneous and false information in his credit report.

26. Golfsmith's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Golfsmith was negligent, entitling David G. Faulk to recover under 15 U.S.C. § 1681o.

27. David G. Faulk is entitled to recover nominal and actual damages, costs and attorney's fees from Golfsmith in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### THIRD CLAIM FOR DECLARATORY RELIEF AGAINST GOLFSMITH

28. The Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. Despite having been informed of the false and erroneous negative information in the credit report of David G. Faulk, Golfsmith continues to report its claim against David G. Faulk.

30. David G. Faulk is entitled to declaratory relief establishing Golfsmith owes David G. Faulk the sum of $200.00.

LAW OFFICES OF
CARLES G. EVANS
123 E 11th Avenue
Anchorage, Alaska 99501
(907) 276-4691

## FOURTH CLAIM FOR INJUNCTIVE RELIEF AGAINST GOLFSMITH

31. The Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32. To date, Golfsmith has failed, refused and neglected to correct the false and misleading information it furnished to Defendants, MediCredit, Experian, Trans Union, and Equifax.

33. David G. Faulk lacks an adequate remedy at law and will suffer irreparable harm if relief is not granted. Specifically, the Court shall enjoin Golfsmith from reporting to others in the future any negative financial information based upon the claim of Golfsmith that David G. Faulk owes it $499.99.

## COUNT II
## FIRST CLAIM FOR RELIEF AGAINST MEDICREDIT
## FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

34. The Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. MediCredit failed to correct its accounts and failed to furnish true and accurate information to others, including Defendants, Experian, Trans Union, and Equifax, in violation of 15 U.S.C. § 1681s-2(a).

36. MediCredit violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in David G. Faulk's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Golfsmith; by failing to maintain reasonable procedures with which

LAW OFFICES OF
CARLES G. EVANS
123 E 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

to filter and verify disputed information in David G. Faulk's credit file; and by relying upon verification from a source it knew or had reason to know was unreliable.

37. As a result of the conduct, action and inaction of MediCredit, David G. Faulk suffered damage by the potential loss of credit, the loss of credit, the loss of the ability to purchase and benefit from credit, and the mental and emotional pain and anguish and the humiliation and embarrassment of explaining erroneous and false information in his credit report.

38. MediCredit's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, MediCredit was negligent, entitling David G. Faulk to recover under 15 U.S.C. § 1681o.

39. David G. Faulk is entitled to recover nominal and actual damages, costs and attorney's fees from MediCredit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR DECLARATORY RELIEF AGAINST MEDICREDIT

40. The Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. Despite having been informed of the false and erroneous negative information in the credit information of David G. Faulk, MediCredit continues to report the claim of Golfsmith.

42. David G. Faulk is entitled to declaratory relief against MediCredit establishing Golfsmith owes David G. Faulk the sum of $200.00.

LAW OFFICES OF
ARLES G. EVANS
123 E 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

## THIRD CLAIM FOR INJUNCTIVE RELIEF AGAINST MEDICREDIT

43. The Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44. To date, MediCredit has failed, refused and neglected to correct in the credit information of David G. Faulk to delete the negative financial information from the claim of Golfsmith that David G. Faulk owes it $499.99.

45. David G. Faulk lacks an adequate remedy at law and will suffer irreparable harm if relief is not granted. Specifically, the Court shall enjoin MediCredit from reporting to others in the future any negative financial information based upon the claim of Golfsmith that David G. Faulk owes it $499.99.

## COUNT III
## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN
## FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

46. The Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in David G. Faulk's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Golfsmith; by failing to maintain reasonable procedures with which to filter and verify disputed information in David G. Faulk's credit file; and by relying upon verification from a source it knew or had reason to know was unreliable.

48. As a result of the conduct, action and inaction of Experian, David G. Faulk suffered damages by the loss of potential credit, the loss of credit, the loss of the ability to

LAW OFFICES OF
ARLES G EVANS
121 E 11th Avenue
Anchorage, Alaska 99501
(907) 276-4691

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of explaining erroneous and false information in his credit report.

49. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling David G. Faulk to recover under 15 U.S.C. § 1681o.

50. David G. Faulk is entitled to recover nominal and actual damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR DECLARATORY RELIEF AGAINST EXPERIAN

51. The Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52. Despite having been informed of the false and erroneous negative information in the credit report of David G. Faulk, Experian continues to report the claim of Golfsmith.

53. David G. Faulk is entitled to declaratory relief against Experian establishing Golfsmith owes David G. Faulk the sum of $200.00.

### THIRD CLAIM FOR INJUNCTIVE RELIEF AGAINST EXPERIAN

54. The Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. To date, Experian has failed, refused and neglected to correct in the credit report of David G. Faulk deleting the negative financial information of the claim of Golfsmith

LAW OFFICES OF
ARLES G EVANS
123 E 11th Avenue
Anchorage, Alaska 99501
(907) 278 4691

that David G. Faulk owes it $499.99.

56. David G. Faulk lacks an adequate remedy at law and will suffer irreparable harm if relief is not granted. Specifically, the Court shall enjoin Experian from reporting to others in the future any negative financial information based upon the claim of Golfsmith that David G. Faulk owes it $499.99.

## COUNT IV
## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION
## FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

57. The Plaintiff realleges and incorporates paragraphs 1 through 56 above as if fully set out herein.

58. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in David G. Faulk's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Golfsmith; by failing to maintain reasonable procedures with which to filter and verify disputed information in David G. Faulk's credit file; and by relying upon verification from a source it knew or had reason to know was unreliable.

59. As a result of the conduct, action and inaction of Trans Union, David G. Faulk suffered damages by the loss of potential credit, the loss of credit, the loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of explaining erroneous and false information in his credit report.

60. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling David G. Faulk to recover

LAW OFFICES OF
CHARLES G. EVANS
123 E. 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691

under 15 U.S.C. § 1681o.

61. David G. Faulk is entitled to recover nominal and actual damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR DECLARATORY RELIEF AGAINST TRANS UNION

62. The Plaintiff realleges and incorporates paragraphs 1 through 61 above as if fully set out herein.

63. Despite having been informed of the false and erroneous negative information in the credit report of David G. Faulk, Trans Union continues to report the claim of Golfsmith.

64. David G. Faulk is entitled to declaratory relief against Trans Union establishing Golfsmith owes David G. Faulk the sum of $200.00.

## THIRD CLAIM FOR INJUNCTIVE RELIEF AGAINST TRANS UNION

65. The Plaintiff realleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

66. To date, Trans Union has failed, refused and neglected to correct in the credit report of David G. Faulk deleting the negative financial information of the claim of Golfsmith that David G. Faulk owes it $499.99.

67. David G. Faulk lacks an adequate remedy at law and will suffer irreparable harm if relief is not granted. Specifically, the Court shall enjoin Trans Union from reporting to others in the future any negative financial information based upon the claim of Golfsmith that David G. Faulk owes it $499.99.

AW OFFICES OF
IARLES G EVANS
121 E 11th Avenue
nchorage, Alaska 99501
(907) 278-4691

## COUNT V
## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX
## FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

68. The Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

69. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in David G. Faulk's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Golfsmith; by failing to maintain reasonable procedures with which to filter and verify disputed information in David G. Faulk's credit file; and by relying upon verification from a source it knew or had reason to know was unreliable.

70. As a result of the conduct, action and inaction of Equifax, David G. Faulk suffered damages by the loss of potential credit, the loss of credit, the loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of explaining erroneous and false information in his credit report.

71. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling David G. Faulk to recover under 15 U.S.C. § 1681o.

72. David G. Faulk is entitled to recover nominal and actual damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

LAW OFFICES OF
CARLES G. EVANS
121 E. 11th Avenue
Anchorage, Alaska 99501
(907) 276-4691

## SECOND CLAIM FOR DECLARATORY RELIEF AGAINST EQUIFAX

73. The Plaintiff realleges and incorporates paragraphs 1 through 72 above as if fully set out herein.

74. Despite having been informed of the false and erroneous negative information in the credit report of David G. Faulk, Equifax continues to report the claim of Golfsmith.

75. David G. Faulk is entitled to declaratory relief against Equifax establishing Golfsmith owes David G. Faulk the sum of $200.00.

## THIRD CLAIM FOR INJUNCTIVE RELIEF AGAINST EQUIFAX

76. The Plaintiff realleges and incorporates paragraphs 1 through 75 above as if fully set out herein.

77. To date, Equifax has failed, refused and neglected to correct in the credit report of David G. Faulk deleting the negative financial information of the claim of Golfsmith that David G. Faulk owes it $499.99.

78. David G. Faulk lacks an adequate remedy at law and will suffer irreparable harm if relief is not granted. Specifically, the Court shall enjoin Equifax from reporting to others in the future any negative financial information based upon the claim of Golfsmith that David G. Faulk owes it $499.99.

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgment against Defendants for all liability, damage, loss, cost and expenses in an amount to be determined at trial, plus actual attorney fees and costs pursuant to the Federal Fair Credit Reporting Act, or in the alternative, attorney fees

AW OFFICES OF
IARLES G. EVANS
121 E. 11th Avenue
\chorage, Alaska 99501
(907) 278-4091

pursuant to Civil Rule 82 for the Alaska Rule of Civil Procedure.

2. Declaratory relief against all Defendants establishing Golfsmith owes David G. Faulk the sum of $200.00.

3. Injunctive relief against all defendants prohibiting them from reporting to others negative financial information regarding David G. Faulk with respect to the claim of Golfsmith for $499.00.

4. For such other and further relief as the Court deems just and appropriate in the circumstances.

DATED this 19th day of April 2010.

LAW OFFICES OF CHARLES G. EVANS
Attorneys for Plaintiff, David G Faulk

By: *Charles G Evans*
Charles G. Evans
ABA No. 7705019

P-0078-0872.01.wpd

LAW OFFICES OF
CHARLES G. EVANS
121 E. 11th Avenue
Anchorage, Alaska 99501
(907) 278-4691